**AETNA CASUALTY AND SURETY COMPANY, Appellant,**

v.

**Joseph A. TRYNIECKI, Appellee.**

No. 18779.

United States Court of Appeals
Fifth Circuit.

Aug. 29, 1961.

St. Clair Adams, Jr., Adams & Reese, New Orleans, La., for appellant.

Harold J. Lamy, New Orleans, La., Edwin C. Schilling, Jr., Amite, La., Dodd, Hirsch, Barker & Meunier, New Orleans, La., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This relatively simple damage suit arises from an uncomplicated set of facts and raises but two questions for our consideration. The first is the sufficiency of the evidence on liability and damages. The second question is whether the trial judge committed prejudicial error in admitting into evidence over the objection of the Appellant the deposition of a chiropractor who examined and treated Tryniecki subsequent to the accident. The case was tried before a jury. On the conclusion of the evidence the Judge overruled motions for directed verdicts made by both parties and submitted the case to the jury on a general charge. The jury returned a verdict for the Plaintiff-Appellee in the amount of $10,-000 on which judgment was entered.

The facts may be briefly stated. The accident occurred in Morgan City, Louisiana on a rainy spring afternoon. Tryniecki was stopped at a traffic light behind several other automobiles when Mrs. Breaux, the Appellant's assured approached from the rear, failed to stop

and collided into the back of Tryniecki's vehicle. The impact caused Tryniecki to black out momentarily but he quickly regained consciousness. Other than being slightly shaken-up he apparently suffered no ill-effects from the accident. However, within the next few days, according to Tryniecki's testimony which was apparently credited by the jury, trouble began to develop. He began having severe pains in his neck and head causing him extreme discomfort and interfering with his work. And it was due to this condition, he stated, that he was laid off or had to quit several jobs over the next few years. At the time of the trial he was still unable to engage in the strenuous welding and pipe-fitting work for which he was trained.

The Appellant sought to establish facts which were, of course, contrary to Tryniecki's version. First it asserted that the accident occurred through no fault of Mrs. Breaux. Instead, it asserted, the brakes on her car merely failed to function properly despite the fact that she had exercised reasonable care in maintaining the automobile in good condition. Next Appellant adduced evidence that Tryniecki had suffered injuries on two other occasions which it was claimed could quite possibly have caused the loss of time on the job. Finally Appellant introduced evidence that the injury was not nearly as impairing as Tryniecki claimed.

■ Thus, despite the Appellant's contentions to the contrary, we have a classic jury case. The conflicting evidence and the varying inferences to be drawn from the undisputed facts clearly raise fact questions within the province of the jury. Our only inquiry, therefore, is to determine whether the evidence adequately supports the findings made for if it does those findings must be upheld.

■■ Turning to the record it is apparent that there was ample evidence from which the jury could conclude that, regardless of the dispute over fault in the failure of her brakes, Mrs. Breaux did not have her car under proper control.

Likewise there was sufficient medical evidence, in the form of the testimony of three orthopedic surgeons, from which the jury could find that Tryniecki had received a "whiplash type of injury to his neck" and as a result suffered limitation in the range of motion of the cervical vertebrae and repeated occurrences of severe headaches and of pain and stiffness in the neck. Coupling this with the testimony of Tryniecki and other witnesses on his behalf the evidence also supported a finding that these injuries caused him loss of wages in the past and were of a permanent nature so as to produce future pain and suffering and a reduced earning capacity.

Appellant's most substantial complaint goes to the admission into evidence of the deposition of the chiropractor who examined and treated Tryniecki. The contention is that this admission was both erroneous and highly prejudicial. It was erroneous, it is urged, because chiropractors are not licensed to practice in Louisiana as the recent case of England v. Louisiana State Board of Medical Examiners, La.App.1960, 126 So.2d 51, categorically holds and therefore under LSA–R.S. 37:1284 may not testify as experts in any court sitting in that state.

■■ We do not feel it necessary to determine whether under F.R.Civ.P. 43 (a), 28 U.S.C.A. this matter is controlled by state practice, federal practice or federal equity practice nor to become involved in the problems that analysis often presents as we demonstrated in Monarch Insurance Co. of Ohio v. Spach, 5 Cir., 1960, 281 F.2d 401. For regardless of the answers that might be produced were these inquiries pursued, the act of the Court in admitting the evidence can furnish no basis for reversal here even assuming, though we do not decide the question, that it was improper to do so. We reach this result for two reasons. First, the major part of the deposition opinion testimony objected to by the Appellant was elicited by the Appellant's own counsel on cross-examination. All of the portions about which a serious contention of prejudice can be made come

within this category. Therefore, even if the testimony were considered improper a reversal would not be compelled since the Appellant cannot be heard to complain of opinion evidence which it caused to be before the jury under the present circumstances. Second, under F.R.Civ.P. 61 Appellant cannot demonstrate how this evidence was prejudicially harmful. Virtually all medical opinions brought out by the Appellant from the chiropractor relating to the extent of the injury were before the jury in another form, primarily the traditionally more authoritative testimony of the medical doctors. The opinion testimony of the chiropractor elicited by Appellant was at most mere repetition.

It is clear from the record as a whole that this evidence did not affect "substantial justice." F.R.Civ.P. 61.

Affirmed.